IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ZACH HILLESHEIM,

                    Plaintiff,                          8:18-CV-563

vs.                                            MEMORANDUM AND ORDER

SELECT FOOD MART, INC.,

                    Defendant.

This matter is before the Court on the defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (filing 5) and motion for joinder pursuant to Fed. R. Civ. P. 19 (filing 7). Both motions will be denied.

Neither motion complies with this Court's local rules, because neither motion is supported by a brief. NECivR 7.1(a)(1)(A) requires any motion raising a substantial issue of law—and these motions clearly do—to be "supported by a brief filed and served together with the motion." Failure to brief an issue may waive the issue, *see id.* and failure to file a brief altogether can be considered abandonment of the motion, *see* NECivR 7.1(a)(1)(B). A conclusory assertion that a case should be dismissed "for the reason that the named Defendant herein is not the real party in interest," without a supporting brief providing any argument or legal authority, is simply not something the Court can act on.

Furthermore, neither motion is supported by any evidence—and both motions require it. When a motion requires the Court to consider any factual matters not stated in the pleadings, the moving party must file and serve supporting evidentiary materials. NECivR 7.1(a)(2)(A). And in this case, the complaint alleges violations of the Americans with Disabilities Act on

commercial property owned by the defendant. Filing 1. The defendant's motion to dismiss claims it is not the real party in interest, but provides nothing to substantiate that claim. *See* filing 5. Similarly, the defendant's motion for joinder admits that the defendant owns the property, but claims that the property is subject to a lease and that the lessee must be joined—but again, provides nothing to substantiate those claims. *See* filing 7. Nothing the defendant has filed even identifies the party it claims should be joined, which presents both a legal and a practical impediment to joinder.

Accordingly, because neither of the defendant's motions is consistent with the Court's rules, and because no evidentiary basis for either motion is present on the record,

IT IS ORDERED that the defendant's motion to dismiss (filing 5) and motion for joinder (filing 7) are denied.

Dated this 10th day of January, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge