IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SELECT FOOD MART INC, <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> ABEESHA, INC., <br><br> Third-Party Defendant. | 8:18-CV-563 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the Motion for Default Judgment (Filing 36) filed by third-party plaintiff Select Food Mart Inc ("Select Food"). For the reasons stated below, the Court grants in part and denies in part Select Food's motion.

## I. BACKGROUND

On December 4, 2018, former plaintiff Zach Hillesheim filed suit against Select Food seeking injunctive and declaratory relief for alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. *See* Filing 1. Hillesheim alleged he is paralyzed below the waist, uses a wheelchair for mobility, and encountered various "architectural barriers to accessibility" when at the Phillips 66 gas station located at 2430 S 24th St, Omaha, Nebraska 68102 ("the Property"). Filing 1 at 1-3. Select Food is the owner and lessor of the Property. Filing 1 at 3.

Select Food filed an Answer (Filing 10) admitting ownership of the Property but affirmatively alleging that Abeesha, Inc. ("Abeesha") leases the Property, must use the property in "a lawful and reputable manner," is responsible for all maintenance and repairs of the Property, and must indemnify Select Food from "any and all claims." Filing 10 at 4-5; Filing 10-1 at 3, 5, 7. Select Food subsequently moved to join Abeesha as a party to this action, *see* Filing 11, and the

1

Court granted Select Food's motion upon finding Abeesha to be a permissive party pursuant to Federal Rule of Civil Procedure 20. Filing 13.

Select Food then filed a Third-Party Complaint against Abeesha. Filing 14. In the Third-Party Complaint, Select Food admits its ownership of the Property and alleges it entered into a lease agreement with Abeesha. Filing 14 at 1. Select Food alleges Abeesha violated the lease agreement by failing to maintain the Property and operate it in compliance with local, state, and federal law, namely, the Americans with Disabilities Act. Filing 14 at 2 (citing Filing 10-1 at 3). Abeesha further violated the lease agreement by failing to "indemnify, protect, and defend" Select Food against Hillesheim's claim. Filing 14 at 2 (citing Filing 10-1 at 5). Thus, Select Food requests damages under either the lease agreement's indemnity clause or for breach of contract. Filing 14 at 2.

Abeesha's registered agent was served with a summons on May 14, 2019.[1] Filing 17. Abeesha failed to enter an appearance or respond as required by Federal Rule of Civil Procedure 12. As a result, Select Food sought an entry of default from the Clerk of the Court on June 10, 2019. Filing 18. The Clerk of the Court entered default against Abeesha that same day. Filing 19. Hillesheim and Select Food subsequently settled their claims, *see* Filing 34, and filed a Stipulation of Dismissal with Prejudice. Filing 35. The Court granted the stipulation and dismissed any and all claims made by Hillesheim against Select Food. Filing 37. However, Select Food's third-party claims against Abeesha remained. Filing 37.

Now pending before the Court is Select Food's Motion for Default Judgment (Filing 36). Select Food alleges Abeesha is neither a minor nor incompetent. Filing 36 at 1. Select Food also requests total damages of $7,900. Filing 36-1. Those damages consist of the $4,000 required to

---

[1] A copy of the Third-Party Complaint was served with the summons. Filing 36 at 1.

2

settle Hillesheim's claim against Select Food. Filing 36-1 at 1, 16. Select Food incurred the remaining $3,900 in legal fees.[2] Filing 36-1 at 2.

## II. DISCUSSION

### A. Standard of Review

It is "appropriate for a district court to enter a default judgment when a party fails to appropriately respond in a timely manner." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (citing *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997)). "Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true . . . ." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Therefore, "it is incumbent upon the district court to ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering final judgment." *Marshall*, 616 F.3d at 852–53 (quoting *Murray*, 595 F.3d at 871).

### B. Validity of Cause of Action

Having examined Select Food's Third-Party Complaint, the Court finds that it states a claim for indemnity and breach of contract. "Under Nebraska law, indemnification is available when one party is compelled to pay money which in justice another ought to pay, or has agreed to pay, unless the party making the payment is barred by the wrongful nature of his conduct." *United Gen. Title Ins. Co. v. Malone*, 289 Neb. 1006, 1031, 858 N.W.2d 196, 217–18 (2015) (citing *Warner v. Reagan Buick, Inc.*, 240 Neb. 668, 677, 483 N.W.2d 764, 771 (1992)). "[I]ndemnification may be asserted as an independent claim under Nebraska law" and is based in

---

[2] While Select Food submitted an affidavit stating it incurred $3,900 in legal fees, *see* Filing 36-1 at 2, the billing documents submitted show Select Food incurred $3,896 in legal fees and costs. Filing 36-1 at 17-23. Accordingly, the Court will consider only the $3,896 supported by the record.

equity unless a contractual arrangement is present. *Id.* "In order to recover in an action for breach of contract, the plaintiff must plead and prove the existence of a promise, its breach, damage, and compliance with any conditions precedent that activate the defendant's duty." *United States v. Neb. Beef, Ltd.*, 901 F.3d 930, 934 (8th Cir. 2018) (quoting *Henriksen v. Gleason*, 263 Neb. 840, 643 N.W.2d 652, 658 (2002)).

In the instant case, the allegations and lease agreement clearly show Abeesha promised to "indemnify, protect, and defend" Select Food "from and against any and all claims . . . arising out of, resulting from, or occurring in connection with . . . the occupancy or use of [the Property]." Filing 10-1 at 5. Abeesha failed to do so. Filing 14 at 2. As a result, Select Food had to defend itself, settle Hillesheim's claims against it, and incur attorney's fees in doing so. Filing 14 at 2; Filing 36-1 at 1-2. Accordingly, Select Food has stated a claim for breach of the lease agreement. Further, because Select Food was compelled to defend and settle this matter and because the lease agreement requires Abeesha to defend Select Food in this matter, justice requires indemnification. Thus, Select Food has also stated an equity claim for indemnification.

### C. Damages

Whether an evidentiary hearing is necessary to determine damages is entrusted to the Court's discretion. *See Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008) ("The need for a hearing is within the sound discretion of the district court . . . ."); *see also* Fed. R. Civ. P. 55(b)(2)(B) (stating the Court "*may* conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages" (emphasis supplied)). The Court determines that no evidentiary hearing is necessary to ascertain the sum-certain damages requested by Select Food. However, the Court will require further evidence on the issue of legal fees.

Starting with non-fee damages, $4,000 is the amount Select Food paid to settle the claim against it after Abeesha failed to do so. Filing 36-1 at 1, 16. Because evidence in the record confirms this amount, the Court finds Select Foods is entitled to $4,000 of reimbursement from Abeesha.

Select Food also seeks $3,896 in legal fees incurred defending against Hillesheim's lawsuit. Filing 36-1 at 17-23. The Nebraska Supreme Court has held that "in the absence of a uniform course of procedure or authorization by statute, contractual agreements for attorney fees are against public policy and will not be judicially enforced." *Stewart v. Bennett*, 273 Neb. 17, 22, 727 N.W.2d 424, 429 (2007). "The justification for this general rule is that 'a defendant should not be unduly influenced from vigorously contesting claims made against him.'" *Id.* (quoting *Holt Cty. Co-op. Ass'n. v. Corkle's, Inc.*, 214 Neb. 762, 767, 336 N.W.2d 312, 315 (1983)). Nebraska courts have found no statute or uniform course of conduct which allows for the recovery of attorney fees when an indemnified party sues an indemnitor to enforce the indemnity agreement. *See Havelock Bank of Lincoln v. W. Sur. Co.*, 217 Neb. 560, 566, 352 N.W.2d 855, 859 (1984) (finding the trial court did not err "in not allowing [the indemnified party] attorney fees on the judgment obtained against the indemnitors"). However, Nebraska courts have allowed the indemnified party to recover attorney fees from the indemnitor for the cost of defending the underlying litigation from which the party should have been indemnified.

For example, in *Oddo v. Speedway Scaffold Co.*, 233 Neb. 1, 2, 443 N.W.2d 596, 598 (1989), a masonry company called Contractor Associates leased scaffolding from the Speedway Scaffold Company. As part of the lease agreement, Contractor agreed to indemnify Speedway for any claims, suits, and attorney fees resulting from injury or death caused by the scaffolding. *Id.* at 3-4, 443 N.W.2d at 599. A Contractor employee, Oddo, was injured on the scaffolding and sued

5

Speedway. *Id.* at 5, 443 N.W.2d at 600. Speedway settled with Oddo, then sued Contractor under the indemnification agreement for the settlement amount and its attorney fees expended "in defense of Oddo's claim." *Id.* at 6, 443 N.W.2d at 600. The district court allowed the recovery of both the settlement and the attorney fees expended in defending Oddo's claim, and the Nebraska Supreme Court affirmed. *Id.* at 11, 443 N.W.2d at 603. In affirming, the Nebraska Supreme Court treated the question as one of the appropriate damages recoverable for breach of the indemnity agreement. *See id.* ("A factual question concerning damages recoverable in an action on an indemnity agreement, whether such question involves causation *or amount of damages*, is a matter for the fact finder." (Emphasis supplied)); *see also McGreevy v. Bremers*, 205 Neb. 554, 557, 288 N.W.2d 490, 492 (1980) (allowing recovery of attorney fees paid in underlying suit in indemnification claim between guardian of estate and surety on guardian's bond because the attorney fees "were incurred in consequence of the issuance of the guardian's bond" in accordance with the agreement to indemnify); *Am. Sur. Co. of New York v. Vinsonhaler*, 92 Neb. 1, 137 N.W. 848, 850 (1912) (stating that under indemnification agreement between surety and principal there was "[n]o doubt under this contract the surety ought to be protected against all necessary expenses incurred in defending itself against liability on these bonds" which would include attorney fees, but finding attorney fees in this specific situation were not necessary and therefore should not be awarded). *But see Komatsu Fin., Ltd. P'ship v. Thille*, No. A-09-705, 2010 WL 2697612, at *7 (Neb. Ct. App. July 6, 2010) (not allowing for recovery of attorney fees in indemnification suit but failing to distinguish the attorney fees for the underlying case from those arising in the litigation between the indemnified party and indemnitor, and noting the indemnity agreement did not specifically include the cost of legal defense).

6

Under these cases, the cost of defending the lawsuit underlying an indemnity agreement is properly excluded from the Nebraska Supreme Court's prohibition on the recovery of attorney fees. Requiring the indemnitor to meet its agreed-to obligation under an indemnity contract for which he is liable does not run the risk of "unduly influenc[ing him] from vigorously contesting claims made against him." See Stewart, 273 Neb. at 22, 727 N.W.2d at 429 . This is because the indemnitor has already agreed to be responsible for this obligation and the litigation between the indemnified party and a third party has no bearing on the indemnitor's ability or motivation to defend himself on the separate question of his liability to the indemnified party.

Select Food is entitled to recover any attorney's fees it incurred defending itself against Hillesheim's underlying claim. Select Food is not entitled to attorney's fees incurred in its present efforts to hold Abeesha liable for such costs. The billing documents submitted to the Court demonstrate that Select Food's request for $3,896 includes attorney's fees from both defending itself against Hillesheim's underlying claim and from its present efforts to recover from Abeesha. See Filing 36-1 at 17-23 (including costs for serving Abeesha, drafting a third-party complaint, and seeking default). For this reason, the Court denies Select Food's request for attorney's fees without prejudice to reassertion in accordance with Federal Rule of Civil Procedure 54(d)(2). Any post-judgment motion for attorney's fees filed by Select Foods shall be made within fourteen days of this order's filing and shall be accompanied by an affidavit clearly distinguishing costs incurred defending against Hillesheim's claim from costs incurred while seeking to hold Abeesha liable.

### III. CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Select Food's Motion for Default Judgment (Filing 36).

IT IS ORDERED:

1. Select Food's Motion for Default Judgment ([Filing 36](#)) is granted to the extent it seeks default judgment against and $4,000 in damages from Abeesha;

2. Select Food's Motion for Default Judgment ([Filing 36](#)) is denied without prejudice to reassertion to the extent it seeks $3,896 in attorney's fees;

3. Select Food shall make any additional motion for attorney's fees incurred in defending itself against Hillesheim's underlying claim within fourteen (14) days of the date of this order, otherwise such motion will be denied as untimely; and

4. A separate judgment will be entered.

Dated this 5th day of November, 2020.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge