IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SELECT FOOD MART INC,<br><br>                     Third-Party Plaintiff,<br><br>    vs.<br><br>ABEESHA, INC.,<br><br>                     Third-Party Defendant. | **8:18-CV-563**<br><br>**ORDER** |

This matter is before the Court on the Motion for Judgment of Attorney Fees (Filing 40) filed by third-party plaintiff Select Food Mart Inc ("Select Food"). Select Food previously moved for default judgment, damages, and attorney's fees, *see* Filing 36, and the Court granted in part and denied in part that motion. Filing 38. The Court granted default and awarded $4,000 in damages. Filing 38 at 8. However, the Court denied Select Food's request for $3,896 in attorney's fees. Examining and applying Nebraska case law, the Court determined and instructed as follows:

> Select Food is entitled to recover any attorney's fees it incurred defending itself against Hillesheim's underlying claim. Select Food is not entitled to attorney's fees incurred in its present efforts to hold Abeesha liable for such costs. The billing documents submitted to the Court demonstrate that Select Food's request for $3,896 includes attorney's fees from both defending itself against Hillesheim's underlying claim and from its present efforts to recover from Abeesha. *See* Filing 36-1 at 17-23 (including costs for serving Abeesha, drafting a third-party complaint, and seeking default). For this reason, the Court denies Select Food's request for attorney's fees without prejudice to reassertion in accordance with Federal Rule of Civil Procedure 54(d)(2). Any post-judgment motion for attorney's fees filed by Select Foods shall be made within fourteen days of this order's filing and shall be accompanied by an affidavit clearly distinguishing costs incurred defending against Hillesheim's claim from costs incurred while seeking to hold Abeesha liable.

Filing 38 at 7.

Following the Court's directive, Select Food filed the present motion within fourteen days of the Court's judgment. *See* Filing 40. Yet, Select Food completely disregarded the Court's legal

1

reasoning and instruction to distinguish "costs incurred defending against Hillesheim's claim from costs incurred while seeking to hold Abeesha liable." Filing 38 at 7. For example, the prior affidavit sought $3,900 in attorney's fees and included billing documentation showing $3,896 in fees incurred from work such as drafting a complaint against Abeesha. Filing 36-1 at 2, 20. Select Food submitted the same affidavit and documentation in support of the current motion. *See* Filing 40 at 2 (noting that the same affidavit and related "billing for legal fees" previously submitted are again included). Accordingly, the Court denies Select Food's motion for failure to distinguish between underlying costs and costs incurred while seeking to hold Abeesha liable and also denies the motion for failure to comply with the Court's order.

IT IS ORDERED:

1. Select Food's Motion for Judgment of Attorney Fees (Filing 40) is denied.

Dated this 19th day of November, 2020.

BY THE COURT:

Brian C. Buescher
United States District Judge