IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SELECT FOOD MART INC, <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> ABEESHA, INC., <br><br> Third-Party Defendant. | 8:18-CV-563 <br><br> ORDER |

This matter is before the Court on the Motion to Reconsider (Filing 42) filed by third-party plaintiff Select Food Mart Inc ("Select Food"). Select Food previously moved for default judgment, damages, and attorney's fees, *see* Filing 36, and the Court granted in part and denied in part that motion. Filing 38. The Court granted default and awarded $4,000 in damages. Filing 38 at 8. However, the Court denied Select Food's request for $3,896 in attorney's fees without prejudice to reassertion. Filing 38 at 8. After noting that fees and costs incurred in seeking to hold Abeesha liable are not allowed under well-established Nebraska law while those for defending the underlying claim by Hillesheim are, the Court denied Select Food's motion for fees and instructed as follows:

> Any post-judgment motion for attorney's fees filed by Select Foods shall be made within fourteen days of this order's filing and shall be accompanied by an affidavit clearly distinguishing costs incurred defending against Hillesheim's claim from costs incurred while seeking to hold Abeesha liable.

Filing 38 at 7 (emphasis added).

Select Food filed another motion seeking attorney's fees, filing the exact same affidavit and fees evidence previously rejected by the Court. Filing 40. The Court therefore denied the motion. *See* Filing 41. In its denial Order, the Court noted that "Select Food completely disregarded the Court's legal reasoning and instruction to distinguish 'costs incurred defending against

1

Hillesheim's claim from costs incurred while seeking to hold Abeesha liable.'" Filing 41 at 1-2 (citing Filing 38 at 7).

Select Food now asks the Court to reconsider its prior ruling "pursuant to Nebraska Civil Rule 60.1." Filing 42 at 1. Specifically, Select Food "politely suggests that the Court could have determined, and in its Memorandum and Order seemed to have determined, what of the legal fees previously sworn to could and would be allowed by the Court." Filing 42 at 2. It opines, "The Court is in the best position to determine what of the attorney fees will be allowed." Filing 42 at 2. Select Food also submitted a new affidavit that complies with the law and the Court's directives, unlike the prior two attempts. *See* Filing 42-1.

As an initial matter, the Court notes that Rule 60.1 was removed from the local rules in 2010. *Compare* NECivR (effective December 1, 2009), *with* NECivR (effective October 22, 2010). However, the Court assumes Select Food brings its motion pursuant to Federal Rule of Civil Procedure 60(b). Under that rule, "the court may relieve a party or its legal representative from a final judgment, order or proceeding" for many reasons, such as mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud. Fed. R. Civ. P. 60(b). Nothing before the Court satisfies any of Rule 60(b)'s prerequisites. The Court finds that only inexcusable rather than excusable neglect is present in this matter. Additionally, Select Food has already had two opportunities to seek legal fees: once in its original filing and again after the Court expressly and helpfully stated the requirements for properly obtaining attorney's fees in this case. The Court could have easily denied the first request for fees with prejudice because it was deficient as a matter of law. Instead, the Court took the time and effort to explain the law to Select Food, instructing it exactly what to do and permitting it a second bite at the apple. Select Food then ignored the Court's order and filed exactly the same, legally deficient filing.

Select Food suggests that the Court could have sifted through its billings that included some apparently allowable and other nonallowable charges to come up with the appropriate amount of attorney's fees. The Court concludes it could not guess what charges might be allowed and what charges are not allowed under the present circumstances. Select Food was instructed to break down its charges, and it failed to do so.

For these reasons, Select Food's Motion to Reconsider is denied.

IT IS ORDERED:

1. Select Food's Motion to Reconsider (Filing 42) is denied.

Dated this 3rd day of December, 2020.

BY THE COURT:

Brian C. Buescher
United States District Judge